JS-6

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 190414
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-2727
   Facsimile: (213) 894-7177
   E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 11-9759 JGB (PJWx) |
| Plaintiff, | |
| vs. | CONSENT JUDGMENT OF FORFEITURE |
| $190,974.58 SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER XXXXXX8271, | Trial: May 21, 2013 |
| Defendants. | Time: 9:00 a.m. |
| | Courtroom: 1 |
| PETER P. NGUYEN, | |
| Claimant. | |

     Plaintiff and Claimants Peter P. Nguyen and Saigon Bakery, Inc. ("Claimants") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety. The defendant bank funds were seized from Claimants, and they assert an interest in the defendant bank funds and have filed a claim in this case and have answered the complaint.  No other claims or answers were filed, and the time for filing claims and answers has expired.  No other person is believed to have any claim to the defendant bank funds.

     The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES**:

     1.   The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court.  Claimants have filed a claim and answer to contest the forfeiture of the defendant bank funds.  No other claims were filed, and the time for filing claims and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant bank funds.  Any potential claimants to the defendant bank funds other than Claimants are deemed to have admitted the allegations of the complaint with respect to the defendant bank funds.

     2.   $95,487.29 of the defendant bank funds, with any interest actually earned on that amount, shall be returned to Claimants through their counsel.  The Internal Revenue Service

shall return the defendant $95,487.29, with any interest actually earned on that amount, not later than 45 days after (a) the court enters this Consent Judgment and (b) Claimants provide to the government the bank routing and personal identifiers needed to effect a wire transfer of the funds, whichever is later.

3.  The government shall have judgment against the interests of Claimants (and any potential claimants) as to the remaining $95,487.29 of the defendant bank funds, with any interest actually earned on that amount, which asset is hereby forfeited and condemned to the United States, and no other right, title or interest shall exist therein.  The government shall dispose of the forfeited asset according to law.

4.  Claimants have agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Internal Revenue Service ("IRS"), as well as all agents, officers, employees and representatives of any state or local government or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant bank funds and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on behalf of Claimants against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise.

5.  The court finds that there was reasonable cause for the seizure of the defendant bank funds and the institution of this action as to the defendant bank funds.  This judgment

constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the defendant bank funds.

6. Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant bank funds.

DATED: April 10, 2013

JS-6

_____
THE HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Prepared by:

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Asset Forfeiture Section

4